Repp *et al. v.* Wiles.

Filed Dec. 8, 1891.

———◆———

No. 252.

REPP ET AL. *v.* WILES.

ATTORNEY AND CLIENT.—*Power to Compromise Claim.*—An attorney has no general authority to compromise a claim put in his hands for collection by receiving a sum less than its face value. It is his duty to serve his client with reasonable skill and vigilance, and to secure to him whatever honorable advantages these qualities will obtain. It is only in cases of emergency, where the interests of the client reasonably appear to be in jeopardy if action be deferred, that an attorney is justified in departing from his usual and general line of duty.

SAME.—*Emergency.—Acceptance of Offer of Compromise.*—In such case an offer of compromise may be accepted by the attorney acting upon his own advice, provided it appear to be in the best interest of the client, and immediate action thereon is demanded to prevent a probable sacrifice.

Repp *et al. v.* Wiles.

If the attorney has time to communicate the situation to the client without hazarding a loss he must do so.

SAME. —*Compromise of Claim.—Liability.*—Where attorneys compromised a claim of their clients where there was no emergency requiring immediate action, consulting but one, who gave his consent, but did not assume to act for the rest, they are liable for the full amount of the claim to those who did not assent to the compromise. The fact that all the clients but one lived in distant parts gave the attorneys no authority to accept an offer of compromise, unless they were compelled to act before they could by reasonable efforts advise with their clients concerning the matter.

SAME.—*Settlement.*—In such case an agreement with an attorney employed by the clients to compel the attorneys to pay over the collection, whereby a third person should pay a certain sum in full settlement and compromise of the claim, will not protect the delinquent attorneys, unless the clients' attorney had authority to compromise the claim.

From the Shelby Circuit Court.

*J. B. McFadden,* for appellants.

*B. F. Love* and *H. C. Morrison,* for appellee.

CRUMPACKER, J.—This action was commenced by John Repp and his co-appellants against Wiles & Berryman, as partners, to recover from them money alleged to have been collected by the defendants as attorneys. After the commencement of the action Berryman died, and the cause was prosecuted to final judgment against Wiles alone.

An answer was filed consisting of eleven paragraphs, pleading payment, settlement, accord and satisfaction, and other special defences.

A reply of several paragraphs closed the issues, and the cause was tried by the court, who, pursuant to a proper request, found the facts specially and stated the conclusions of law thereon.

The defendant had judgment upon the finding of facts and conclusions. Exceptions were duly taken to the conclusions of law.

The pleadings are remarkably long, covering over sixty pages of the transcript, and a great many questions arising

thereon are discussed at considerable length by counsel for the respective parties.

There is but a small amount in controversy, and it would require an exceedingly voluminous opinion to state and decide each question discussed, and as the vital questions come before us upon the exceptions to the conclusions of law upon the special finding, we have determined to notice them alone.

The finding is substantially as follows :

In the year 1880 Wiles & Berryman were partners in the practice of law at Shelbyville, Indiana, and the appellants held a claim against the estate of Alonzo Blair, deceased, which was then in process of settlement in the Shelby Circuit Court. John and Benjamin Repp, acting for themselves and their co-appellants, placed said claim in the hands of Wiles & Berryman for collection, and they filed it in due form against said estate and obtained an allowance for the full amount, to wit, $550, in July 1880. The business connected with the handling of appellants' said claim was done by Berryman, and Wiles had no personal knowledge of it until in 1885, yet Berryman was acting on behalf of the firm. The administration was pending for several years, and in the early part of the year 1887 said estate was generally supposed to be insolvent, and the administrator so informed Berryman, and offered him the amount of said claim less the interest in full settlement and compromise of the same. At that time the appellants all lived in remote parts of different States and remote from Shelbyville, except Benjamin Repp, who lived at Columbus, Indiana, and Berryman informed him by mail of the probable condition of the estate, and of the administrator's offer of settlement. He answered " that so far as he was concerned, if that was the best he could do he was willing to accept it." Thereupon said Berryman, acting in good faith, and honestly believing said estate to be insolvent, accepted said proposition and received the sum of $550 in full settlement of the claim, which with accrued in-

erest then amounted to $641.67. No demand was made upon Wiles & Berryman, or either of them, for said collection until the latter part of March, 1885, and thereafter the appellants employed James McFadden, an attorney of the Shelby bar, to collect said claim from Wiles & Berryman.

Berryman had received the money and was unable to repay it, and for the purpose of relieving him from liability one John C. Deprez paid said McFadden, as appellants' attorney, the sum of $330, in full satisfaction of the interests of three of the appellants, viz.: John Repp, Benjamin Repp and Catharine Dyson, who were each the owner of one-fifth of said claim, and at the same time " said Deprez obligated himself in writing to pay to said McFadden for the other plaintiffs the further sum of $220 so soon as he produced authority from them to receipt for the same, on condition that it should be in full payment and satisfaction of the whole of said claim, and that said McFadden agreed in writing to receive said sum of money so paid, and agreed to be paid, by said Deprez in full settlement and compromise of said claim ;" that thereafter, on the 13th day of January, 1887, said McFadden, as attorney for appellants, sued said Wiles & Berryman, in the Shelby Circuit Court, for the entire demand, and while said suit was pending Deprez paid to the clerk of said court, in open court, said sum of $220 for the other appellants as provided in his written obligation, and announced said payment in the presence and hearing of said McFadden " and those of his clients who were there present in court," and in the hearing of the court, and thereupon McFadden dismissed said suit ; that said sum of $220 has ever since remained and still is in the custody of the clerk subject to the order of the appellants. Wiles received no part of the money in question, and the whole sum—$550—so paid by said Deprez, as above found, was paid by him for the benefit and relief of Berryman and upon condition that it be received in full settlement of said claim ; that said money was paid to and received by said McFadden as appellants' attor-

ney, and he is their attorney in the present action, which was commenced some time after the dismissal of the suit as heretofore noticed.

The services of Wiles & Berryman in collecting said claim against Blair's estate were of the value of forty dollars, and have not been paid for. Berryman died intestate and insolvent in the year 1887, and no administration was had upon his estate.

The court further found that the claim sued upon "was fully compromised and settled" between Duprez and McFadden, as above shown, and that part of the appellants received from McFadden their part of the money so paid to him upon such settlement.

The court concludes that appellants are entitled to the $220 paid the clerk for them and nothing more.

Wiles & Berryman were partners and received the claim for collection as such, and each was responsible for the conduct of the other in handling the claim and accounting for the proceeds, whether he personally had anything to do with it or not. This is rudimentary.

An attorney has no general authority to compromise a claim put in his hands for collection, by receiving a sum less than its face value. It is his duty to serve his client with reasonable skill and vigilance, and to secure to him whatever honorable advantages these qualities will obtain. It is only in cases of emergency where the interests of the client reasonably appear to be in jeopardy if action be deferred that an attorney is justified in departing from his usual and general line of duty. In such cases an offer of compromise may be accepted by the attorney acting upon his own advice, provided it appear to be in the best interest of the client and immediate action thereon is demanded to prevent a probable sacrifice. If the attorney has time to communicate the situation to the client without hazarding a loss, he must do so. *Union M. L. Ins. Co.* v. *Buchanan*, 100 Ind. 63.

In deciding this question the court in that case said : " If

there is time and opportunity for consultation with the client, then the attorney should not assume authority to compromise his client's claim ; but if there is an emergency that prevents consultation, and forces immediate action, it is the duty of the attorney to take such steps as will secure the greatest benefit to his client.   The necessity creates the authority, and the position of the attorney demands that the authority be exercised for the client's good.   Where there is no emergency, there is no authority, but the authority springs into existence with the emergency."

In the case before us there does not appear to have been an emergency requiring immediate action. While it is found that it was generally supposed the Blair estate was insolvent, and the attorneys acted in good faith in that belief in accepting the offer of compromise, it does not appear that the offer might not have stood for a month without incurring the hazard of loss.   The fact that all of the appellants but one lived in distant parts would give the attorneys no authority to accept an offer of compromise, unless they were compelled to act before they could by reasonable efforts advise with their clients concerning the matter.

The appellant who was notified of the proposition did not assume to act for any one but himself. There being no emergency under the facts set out in the finding, the compromise was unauthorized as to all the appellants except Benjamin Repp.

This being the case, Wiles & Berryman were bound to account for the full amount of the claim to those who did not consent to the compromise, and the subsequent settlement with McFadden would not protect them, unless he in turn had authority to compromise with them, and the finding is silent upon this subject.   He can only be presumed to. have the general powers of an attorney unless facts be shown to the contrary.

Those of the appellants, however, who received the money from him with knowledge of his settlement with Berryman

and Duprez, would ratify his authority, and be bound by his acts, but the finding does not inform us which, if any, of the appellants so received the money. McFadden's agreement to compromise, though in writing, would not bind his clients unless they authorized him to make it. Neither was the deposit with the clerk of the sum of $220 subject to appellants' order equivalent to payment, or tender to them, unless that was all there was due, and the finding does not so show.

Under the finding our conclusion is that appellee is liable for the full amount of the original claim less the attorney's fee and payments duly made to those of the appellants who gave no authority to compromise or who did not subsequently ratify the settlement by accepting the money with knowledge of the terms upon which it was paid, and, as the finding is so uncertain and defective in these particulars that a judgment can not be rendered upon it, a *venire de novo* should be granted.

Judgment reversed accordingly.

Filed Dec. 9, 1891.