# JENNINGS *v.* SOUTH WHITLEY HOOP COMPANY.

[No. 7,546. Filed April 19, 1912.]

1.  APPEAL.—*Review.—Findings.—Conclusiveness.*—Where there is some evidence to support the findings of the trial court, they will not be disturbed on appeal. p. 248.
2.  ACCORD AND SATISFACTION.—*Burden of Proof.*—Where defendant pleads accord and satisfaction, he has the burden of proving same. p. 248.
3.  ACCORD AND SATISFACTION.—*Establishment.—Authority of Attorney.*—Where defendant, operating a wholesale business in one city under the name of C. Company and in another under the name of L. Company, had purchased supplies from plaintiff with names of the two companies, in an action to recover a balance due, evidence showing that plaintiff had placed in the hands of an attorney an account against the C. Company, that the attorney had no knowledge of the L. Company nor of any transactions had between it and the plaintiff, and that defendant gave to such attorney his check for the amount of the claim against the C. Company, with a statement attached thereto that it was to be accepted in full payment of all obligations of the plaintiff against the C. Company and the L. Company, and that the attorney detached the statement and cashed the check, was insufficient to establish an accord and satisfaction of the claim sued on in the absence of evidence showing special authority in the attorney. p. 248.
4.  ATTORNEY AND CLIENT.—*Authority of Attorney.—Collection of Claims.—Compromise.—Rights of Client.*—Except in cases of emergency where the interest of the client may be jeopardized if action be deferred, or when specially authorized so to do, an attorney has no authority to compromise a claim placed in his hands for collection, and, where he does so, the client is at liberty to ignore the same and treat such action as a nullity. p. 249.

VOL. 50—16

5. ATTORNEY AND CLIENT.—*Unauthorized Compromise.—Ratification by Client.*—Where an attorney, without authority to do so, effected an alleged compromise of plaintiff's claim, the fact that plaintiff delayed bringing an action until nineteen days thereafter was not such acquiescence as would amount to a ratification of the attorney's act. p. 249.

6. PLEADING.—*Verification.—Execution of Instruments.—Failure to Deny Under Oath.—Effect.*—Failure to deny the execution of an instrument under oath is a waiver of preliminary proof of its execution before being offered in evidence, but does not preclude the introduction of evidence as to the consideration therefor, the situation of the parties and the circumstances of its execution, for the purpose of showing the real intention of the parties. p. 250.

7. ACCORD AND SATISFACTION.—*Establishment.*—Where an agreement is relied on as an accord and satisfaction, the agreement and its execution must be established as a question of fact like any other agreement. p. 250.

From Superior Court of Madison County; *H. Clarence Austill*, Judge.

Action by South Whitley Hoop Company against Harry E. Jennings. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Forkner & Forkner*, for appellant.
*Kittinger & Diven, Gates & Whiteleather*, for appellee.

MYERS, J.—Appellee brought this action against appellant to recover payment for a carload of heading sold and delivered by the former to the latter.

A complaint in one paragraph, answer in four paragraphs: (1) general denial; (2) payment; (3) accord and satisfaction; (4) that appellant purchased from appellee a carload of hoops which he paid for in cash; that they were shipped to one of appellant's customers, who refused to receive them on account of defective quality, whereupon appellee ordered them shipped to another point, and received them back, by reason of which appellee was indebted to appellant, which indebtedness he asked to have set off against any amount found due on account of the demand in suit;

and a reply in general denial to the second, third and fourth paragraphs of answer, formed the issues.    Trial by the court, special findings of facts made and conclusions of law stated thereon, and final judgment in favor of appellee..

The questions presented are covered by the assignment of errors based on the exception to the conclusion of law, and on the overruling of the motion for a new trial.

From the findings it appears that during the time covered by the various transactions between appellant and appellee, the former was engaged as a wholesale dealer and jobber in barrel staves, heading and hoops, under the name of Lawrenceburg Barrel Company, of Lawrenceburg, Indiana, and Central States Cooperage Company, of New Castle, Indiana, and was the sole owner of both concerns.   On March 5, 1908, appellant, in the name of Central States Cooperage Company ordered from appellee a car of hoops shipped to the Coöperative Flint Glass Company, of Beaver Falls, Pennsylvania, the bill therefor amounting to $583.25, which was subject to a .discount of one per cent. if paid within ten days from date of invoice.   The glass company received and unloaded the hoops, and after using 3,750 of one kind, and 12,850 of another, reloaded the remainder in a car, and shipped them on appellant's order, in disobedience of appellee's order, to the Warren Cooperage Company, of Warren, Ohio.   On April 4, appellant, in the name of Central States Cooperage Company purchased from appellee hoops amounting to $612.   On May 20 appellant ordered from appellee, in the name of the Lawrenceburg Barrel Company, heading amounting to $701.40.   In June, 1908, appellee placed in the hands of Brown & Beard, attorneys at New Castle, Indiana, a claim for $617.84, against appellant, contracted in the name of the Central States Cooperage Company, debit and credit items making up the claim as follows:

Jennings v. South Whitley Hoop Co.—50 Ind. App. 241.

| DEBIT | | | CREDIT | | |
|---|---|---|---|---|---|
| March 13th, Car No. 26,493 (covering order of March 5, 1908). | $583 | 25 | March 21, check to apply on car No. 26,493, (being payment on order of March 5) | $571 | 58 |
| April 4, Car No. 7326 (covering order of April 4, 1908) | 612 | 00 | March 21, 1% discount on order of March 5 | 5 | 83 |
| Total debit | $1,195 | 25 | | | |
| | 577 | 41 | Total credit | $577 | 41 |

Balance due June
8/08 .......... $617 84

At the time said claim was placed in the hands of said attorneys, appellee did not know that appellant was the sole owner of the Lawrenceburg Barrel Company, and Central States Cooperage Company, or that either company bore any relation to the other, nor did said attorneys know at that time, or at the time it was presented for payment, that appellant was financially interested in either of said companies. Said claim was the only one these attorneys ever had against appellant or either of said companies, for collection, in favor of appellee; that the items of said account were read over to appellant before he paid the same, and it and no other was paid by him to the attorneys; that said attorneys received a check from appellant for $617.84, and through a misapprehension, misunderstanding and mistake, receipted appellant "In full payment of all obligations against the Central States Cooperage Company and Lawrenceburg Barrel Company, on account of South Whitley Hoop Company." The payment made by appellant on March 21 of $577.41, and the payment of $617.84 to the attorneys fully paid the orders of March 5 and April 4; that the order given May 20, amounting to $701.40, has never been paid, and the same was due July 20, 1908, and from that time to the date of the trial there was due as

interest $39.17. On the facts found the court concluded the law to be with appellee.

The conclusion of law is unquestionably supported by the facts specially found. This proposition is not, and cannot be seriously controverted, hence we look to the causes assigned and relied on by appellant for a new trial, namely, the decision of the court is not sustained by sufficient evidence, and is contrary to law.

Under these assignments two questions only are discussed: (1) Was appellant, as against the claim sued on, entitled to a credit of $571.28, paid by him on account of the Beaver Falls car? (2) Was there an accord and satisfaction between the parties of all claims and accounts between them which was settled and paid? These questions relate to the disposition of the issues formed by the general denial to the third and fourth paragraphs of answer.

The third paragraph was founded on a check for $617.84, drawn by the Central States Cooperage Company to Brown & Beard, attorneys, and attached thereto was the statement "to be accepted in full payment of all obligations against Central States Cooperage Company and Lawrencburg Barrel Company, on account of South Whitley Hoop Company." The check was indorsed "Brown & Beard, Attys. for South Whitley Hoop Company." The check was detached and cashed by said attorneys at the bank on which it was drawn in New Castle, Indiana. These facts and others are pleaded as an accord and satisfaction of the claim sued on.

The evidence in this case involved three orders given by appellant to appellee for cooperage material. The first two were given in the name of Central States Cooperage Company, New Castle, Indiana. Appellee claims that the balance due on account of these orders only was paid to Brown & Beard, attorneys, July 2. The other order, which gave rise to the account in suit, was given in the name of Lawrenceburg Barrel Company, Lawrenceburg, Indiana, and ap-

pellant insists that it also was compromised and paid by the check given to said attorneys July 2.

It appears that appellant was doing business under these two company names. The first of said orders, given to appellee, was dated March 5, 1908, for a carload of hoops for the Coöperative Flint Glass Company, Beaver Falls, Pennsylvania, and to which we will hereafter refer as the Beaver Falls car. This car was shipped by appellee March 13, and arrived at Beaver Falls March 20 or 21. The consignee immediately unloaded the car, placed the hoops in its stock shed, and at once began using them. Fourteen days after the car had been unloaded, and 16,000 to 17,000 hoops used, the glass company informed appellant that these hoops were of inferior quality, and that they would not accept them at the price charged. Appellant immediately took this matter up with appellee, and a number of letters and telegrams with reference thereto were sent by one to the other during the months of April, May and June. In May, after appellee had notified appellant that it would not receive the car back, that the glass company had unloaded it; that the coils had been broken apart and the hoops generally mixed up, and that it would expect payment for the hoops, the glass company, on appellant's order, reloaded the balance of the hoops May 26, and shipped them to the Warren Cooperage Company, Warren, Ohio. On May 29 appellant notified appellee that the hoops had been shipped, and enclosed to it the bill of lading for the car. Appellee immediately notified the Warren Cooperage Company as follows: "Do not accept car hoops billed to you from Beaver Falls," and also notified appellant of this action. On June 27 appellant wrote appellee as follows: "We are ready to settle with you on the car of stock shipped to the Lawrenceburg Barrel Company, also to ourselves (Ashland Car). There being a balance due of $675.40." Then follows a statement showing the amount due on account of the Ashland car, and the Lawrenceburg car, in which statement appellant took credit for the check given on ac-

count of Beaver Falls car, $571.28, which together with other small credits left a balance due as stated.  On April 14 appellant furnished appellee a statement on account of the Lawrenceburg car, claiming a loss on account of the quality of the heading and hoops amounting to $30.60, which appears to have been allowed by appellee, and on June 5 another statement on account of Beaver Falls car, claiming a credit of $606.40; and on the same day another statement claiming an allowance on account of quality of the hoops and heading, Lawrenceburg car of $31.60, and for $571.28 account Beaver Falls car, and other small items, showing a balance due appellant of $26.  It further appears from the evidence that about July 1, 1908, the firm of Brown & Beard, attorneys, received for collection against appellant the account set out in the special findings.  There is evidence tending to prove that said attorneys, over the telephone, read the items to appellant constituting that account.  On July 2 appellant gave said attorneys the following paper:

"Central States Cooperage Co.                    No. 948
                        New Castle, Ind., 7-2-1908
INDIANA  Pay to the
order of    BROWN & BEARD, Attys.,    -    $617.84
Six hundred seventeen        -        -        84-100 Dollars
To the Citizens State Bank              Central States
        New Castle, Ind.                    Cooperage Co.
                                    By H. E. Jennings.

Above check is in settlement of invoices as listed and endorsement of same by payee is acknowledgment of such payment.
Detach check before depositing.
        CENTRAL STATES COOPERAGE COMPANY.
Form N. 85.                    No receipt is desired.

        INVOICE.
Number  Date  Memo.  Account of Deductions    Net
                                invoice——    Remittances
                        Discount Fra Other items

To be accepted in full payment of all obligations against Central States Cooperage Co., and Lawrenceburg Barrel Co., account South Whitley Hoop Co."

The attorneys detached the check, presented it to the bank, and it was paid in full on the day received by them. Both of these attorneys, in substance, testified that they received the account for collection in the usual course of business; that they had no other account in their hands against appellant; that they did not know anything about the order given in the name of the Lawrenceburg Barrel Company; that they were not advised as to any controversy theretofore had between appellant and appellee; that they accepted the above-mentioned check, indorsed it, that it was paid, and that they remitted in due course.

We have only attempted to give a general statement of the evidence disclosed by the record before us. It is enough to show that there was a dispute between appellant and appellee as to the amount due from the former to the latter at the time the check was given to the attorneys, and that this disagreement was solely on account of the Beaver Falls transaction. For this court to determine the fact, whether or not the Glass Company had accepted that car, would require us to weigh the evidence, and this we cannot do. There was evidence tending to prove that the Beaver Falls car was not returned to nor received by appellee, that it was received and accepted by the Glass Company, and the amount due on that account or the question of appellant's liability in that behalf under all the evidence was for the trial court, and its finding on the issue presented by the fourth paragraph, this court cannot disturb.

The burden was on appellant to prove the accord and satisfaction averred in its third paragraph of answer. The transaction relied on by appellant was had with the attorneys of appellee. The account which they had for collection was open to his inspection. There is no evidence tending to show that they had any special authority from their client or that they knew the facts and circumstances connected with the Beaver Falls car. For aught that appears, Brown & Beard had no au-

thority from appellee except that which naturally grew out of an employment to collect the particular claim placed in their hands.

Appellant, under the evidence here disclosed, was bound to know that the attorneys with whom he was dealing had no general authority to compromise a claim put in their hands for collection by receiving a sum less than its face value, or in that connection to compromise other demands between him and their client, of which they had no knowledge. It was their duty to collect the account placed in their hands, and there it ended.

As said in the case of *Repp* v. *Wiles* (1891), 3 Ind. App. 167, 29 N. E. 441: "It is only in cases of emergency where the interests of the client reasonably appear to be in jeopardy if action be deferred that an attorney is justified in departing from his usual and general line of duty. * * * If the attorney has time to communicate the situation to the client without hazarding a loss, he must do so." See, also, *Union Mutual Life Ins. Co.* v. *Buchanan* (1885), 100 Ind. 63.

It does not appear that appellee ever saw or knew the contents of the paper composing the check and other memoranda which appellant gave to the attorneys, and there is no evidence indicating that a delay on the part of the attorneys to act would in the least jeopardize their client's interest. It seems to us, under the evidence in this case, the attorneys were without any authority from their client to make any compromise, and if they did, their client was at liberty to ignore the same and treat such action as a nullity. *Jones* v. *Inness* (1884), 32 Kan. 177, 4 Pac. 95; *Rousaville* v. *Hazen* (1885), 33 Kan. 71, 5 Pac. 422; *Solomon R. Co.* v. *Jones* (1885), 34 Kan. 443, 458, 8 Pac. 730; *Sharpe* v. *Williams* (1889), 41 Kan. 56, 20 Pac. 497; 4 Cyc. 945.

This action was commenced July 21, 1908, therefore it cannot be said that appellee acquiesced in the alleged compromise for such a length of time as would

amount to a ratification of what was done by the attorneys July 2.

The contention of appellant is, that appellee's failure to deny under oath the execution of what he designates a receipt given by Brown & Beard by reason of their indorsement of the check, amounted to an admission of the authority of the attorneys to execute it, and the introduction in evidence of the check and the statement or receipt accompanying the same, was conclusive proof of the accord and satisfaction as averred in the third paragraph of answer.

The failure to deny under oath the indorsement or execution of the check and receipt amounted to a waiver of preliminary proof of their execution before being offered in evidence, but such failure would not preclude the introduction of evidence tending to show the consideration for the check, the business in which the parties were engaged, and the circumstances under which the check was given and indorsed, not for the purpose of changing or contradicting the instrument thus executed, but for the purpose of showing what was the real intention of the parties.

The alleged agreement and its execution of July 2 is relied on by appellant as an accord and satisfaction, and is to be established as a question of fact like any other agreement. As there was evidence before the trial court justifying the finding that the transaction of July 2 did not amount to an accord and satisfaction, its conclusion in that regard must stand.

Judgment affirmed.

NOTE.—Reported in 98 N. E. 194. See, also, under (1) 3 Cyc. 360; (2, 3) 1 Cyc. 348; (5) 4 Cyc. 951, 952; (6) 31 Cyc. 529, 530; (7) 1 Cyc. 348. As to the right of an attorney to make a compromise of his client's cause of action, see 21 Ann. Cas. 577. As to the validity of an accord and satisfaction by an attorney, see 100 Am. St. 403. On the question of attorney's loss of compensation by compromising case without authority, see 42 L. R. A. (N. S.) 852. As to implied power of attorney to compromise cause of action, see 31 L. R. A. (N. S.) 523.