## COMBS v. COMBS.

[No. 8347. Filed July 3, 1914.]

1. APPEAL.—*Assignment of Errors.—Insufficiency of Complaint.*— No question is presented on appeal by the independent assignment of error that the complaint does not state facts sufficient to constitute a cause of action. p. 659.

2. APPEAL.—*Questions Presented for Review.—Motion for New Trial.*—The specification in a motion for a new trial that the decision or verdict is contrary to law, presents such errors, occurring at the trial, as have been carried into the verdict or decision. p. 659.

3. APPEAL.—*Questions Reviewable.—Evidence.—Findings.*—Where there is no evidence to support a verdict or finding, or to support any fact essential to such verdict or finding, the verdict or finding is an error of law that may be reviewed and corrected on appeal. p. 659.

4. ATTORNEY AND CLIENT.—*Authority to Compromise.*—An attorney employed to collect a claim or conduct a lawsuit has no authority to compromise the same without the consent of the client except in emergencies where the interests of the client reasonably appear in jeopardy and delay for consultation would seriously impair such interests. p. 660.

5. ATTORNEY AND CLIENT.—*Authority to Compromise.*—Where an attorney is authorized to effect a compromise, the authority does not extend to collateral matters, or to the business of the client not involved in the suit or business not covered by the employment. p. 660.

6. COMPROMISE AND SETTLEMENT.—*Rescission.—Recovery of Payments.*—An agreement in compromise of a prior action brought against the plaintiff by his mother, entered into by the children and the attorneys for the mother, pursuant to which plaintiff paid a stipulated sum to one of the children designated to receive same, and which purported to provide for settlement of the mother's estate upon her death, was an assumption to act for the mother in matters in which the parties had no authority to act, but notwithstanding such lack of authority, the payment of the amount stipulated to the child designated to receive same, and the latter's deposit of same in bank to the credit of the mother, was in fact a payment to the mother, and upon her refusal to ratify the compromise agreement and the inability and refusal of all the parties to carry out the agreement, plaintiff's action, if any exists, to rescind and recover the payment would be against the mother and not against the one to whom the money was paid in the first instance. p. 660.

From Knox Circuit Court; *Orlando H. Cobb,* Judge.

Action by Albert Combs against Asa Combs and others. From the judgment rendered, the defendant named appeals. *Reversed.*

*S. J. Gee* and *S. M. Emison,* for appellant.

*Louis A. Meyer* and *Clarence B. Kessinger,* for appellee.

FELT, C. J.—Appellee filed a complaint against appellant Asa Combs, Esther Rosella Mills, Sadie Lent, Mary Morrell, Stella Lomax, L. Mary Thomas and Arthur Combs, but only obtained service of process on Asa Combs and Arthur Combs.

The complaint, in one paragraph charges in substance, that Eunice Combs, mother of the parties to this suit, had previously sued Albert Combs on account for money had and received; that a compromise of said suit was made and an agreement in writing was entered into by Albert Combs and all the defendants named originally in the complaint in this case; that all powers of attorney previously given by said Eunice Combs to her sons, Albert Combs and Asa Combs, were to be revoked and a power of attorney was to be executed by said Eunice Combs to one Charles F. Breen, who was to collect all money due said Eunice Combs and distribute the same as the said agreement provided; that at the death of Eunice Combs her property was to be equally divided among her children, the parties to said agreement; that Albert Combs had made an accounting and had turned over $1,700 in full and final settlement of his accounts with his mother, Eunice Combs, and with all of her said children; that a certain automobile then in the possession of Albert Combs should be turned over to his mother; that Asa Combs under his power of attorney was to settle with the heirs of Eunice Combs.    It is further alleged that at the time it was verbally agreed between Asa Combs, acting as attorney in fact for Eunice Combs, and by Gee & Emison as attorneys of record for Eunice Combs, that upon the

payment by Albert Combs of the sum of money provided in said written agreement, the suit then pending between Eunice Combs and Albert Combs should be dismissed and all matters in controversy in that suit should be deemed settled on the basis set forth in said written agreement; that it was then and there agreed by Asa Combs and Gee & Emison, acting in their respective capacities, that said agreement in writing should be in full force and effect and binding on Eunice Combs and that she should perform on her part all the agreements and undertakings to be performed by her as set forth in said written agreement; that after the execution of said written agreement, Albert Combs paid to Asa Combs and to said S. J. Gee and Samuel M. Emison, as attorneys for all the parties to said agreement and also as attorneys for Eunice Combs, the sum of $1,700 and thereupon said suit was dismissed by Eunice Combs and the costs and attorney fees in said suit were paid out of said $1,700; that the remainder of said money was retained by said S. J. Gee and Samuel M. Emison for the purpose of turning the same over to the parties entitled to the same, pursuant to the verbal and written agreement entered into by and between said parties; that plaintiff is now and at all times has been ready and willing to perform the remaining conditions set forth in said agreements but that defendants have wholly failed to perform their part of the agreements; that the defendants have refused to return to plaintiff the sum of money so paid over by him as aforesaid, and still hold the same; that by reason of the foregoing facts plaintiff had been damaged in the sum of $3,000, for which he demands judgment. The written agreement referred to in the complaint and made a part of the same by exhibit was signed by appellant and appellee and all the other children of said Eunice Combs, but was not signed by her. Appellant and his codefendant, Arthur Combs, separately answered the complaint by general denial.

The case was tried by a jury which found for the de-

fendant Arthur Combs, and against appellant, Asa Combs, in the sum of $1,527.59. Appellant's motion for a new trial was overruled and judgment was rendered on the verdict against appellant, and in favor of Arthur Combs for costs. The errors assigned are: (1) The complaint does not state facts sufficient to constitute a cause of action; (2) the court erred in overruling the motion for a new trial.

The record discloses that the original complaint was filed on May 11, 1911, and the amended complaint on which the cause was tried was filed on November 13, 1911. In all actions commenced on or after April 21, 1911, an independent assignment of error "that a complaint does not state facts sufficient to constitute a cause of action" presents no question for decision, because of the failure to comply with the statute. Acts 1911 p. 415, §348 Burns 1914; *Stiles* v. *Hasler* (1914), 56 Ind. App. 88, 104 N. E. 878; *Robinson* v. *State* (1912), 177 Ind. 263, 266, 97 N. E. 929.

The only questions presented by the briefs on the overruling of the motion for a new trial are those arising under the alleged causes, that the verdict is not sustained by sufficient evidence and that it is contrary to law. The cause for a new trial that the decision or verdict is contrary to law, presents such errors, occurring at the trial as have been carried into the verdict, or decision. *Berkey* v. *Rensberger* (1912), 49 Ind. App. 226, 230, 96 N. E. 32. If there is no evidence to support a verdict or finding, or if there is no evidence to support any fact essential to such verdict or finding, then such finding or verdict is an error of law which may be reviewed and corrected on appeal. *Deal* v. *State* (1895), 140 Ind. 354, 359, 39 N. E. 930; *Jennings* v. *Ingle* (1905), 35 Ind. App. 153, 155, 73 N. E. 945; *Robinson Mach. Works* v. *Chandler* (1877), 56 Ind. 575, 583.

The proceedings in this case are novel in character. From an examination of the briefs and the evidence it appears

that the compromise agreement of the suit by Eunice Combs against Albert Combs was carried out to the extent of the payment of the $1,700, the dismissal of the suit and the payment of the costs and attorney fees, but was not carried out by the appointment of Breen as attorney in fact for Eunice Combs nor by the turning over of the automobile by appellee. It also appears that after the payment of the costs and attorney fees, the balance of the $1,700 was turned over to Asa Combs, the appellant, who deposited the same in a bank to the credit of his mother, in a sum identical with that of the verdict.

Where an attorney is acting under an employment to collect a claim or conduct a lawsuit, such employment does not give him authority to compromise such claim or suit without the consent of the client, except in cases of emergency, where the interests of the client reasonably appear in jeopardy and delay for consultation would seriously imperil such interests. *Union Mut. Life Ins. Co.* v. *Buchanan* (1885), 100 Ind. 63, 76; *Repp* v. *Wiles* (1891), 3 Ind. App. 167, 171, 29 N. E. 441; *Biddle* v. *Pierce* (1895), 13 Ind. App. 239, 247, 41 N. E. 475. In cases where authority to compromise exists it does not extend to collateral matters, or to the business of the client not involved in the suit or business covered by the employment. Weeks, Attorneys (2d ed.) §§215-228.

It is plain therefore that Eunice Combs was under no obligation to appoint Mr. Breen, but she is not a party to this suit. The compromise agreement was made by the children with the mother, the real party in interest, left out, except as she may have been represented by her son, Asa Combs, and her attorneys in the suit compromised, and so far as appears from the briefs in this case they had no authority to represent or bind her as to most of the stipulations in said compromise agreement. The theory of the complaint is that appellee entered into said compromise agreement and after partially carrying it out

ascertained that the other parties either would not or could not carry out their part of the compromise; that he thereupon offered to fully execute the agreement provided the other parties would do likewise, but they failed and refused so to do; that he thereupon asked to be placed in *statu quo* and upon refusal brought this suit. A check for $1,700 was delivered by appellee to the attorneys in the lawsuit between appellee and Eunice Combs. Out of the amount the costs and attorney fees were paid and the balance was turned over to appellant who deposited it in bank to the credit of Eunice Combs, all of which was done before it was ascertained whether she would or would not ratify the compromise agreement. The evidence shows that a power of attorney was prepared in accordance with said agreement and sent to her and that she refused to execute it. It is apparent therefore that said compromise was not a binding contract on the parties to said lawsuit at the time the suit was dismissed, the costs and attorney's fees paid and the balance of the $1,700 deposited to the credit of Eunice Combs by appellant. The whole transaction shows an assumption of authority on the part of the children of Eunice Combs to act for her in matters for which they had no authority so to act. All that was done in carrying out the compromise agreement is shown to have been premature and irregular. All that is shown against appellant is that he received from his mother's attorneys the balance of the $1,700 after the payment of the costs and attorney's fees and deposited it in bank to the credit of his mother. It is not shown that he had previously agreed to receive it, or that he was to hold it for any special purpose, or that he violated any obligation resting upon him by so depositing the money. When Albert Combs parted with the money under the circumstances shown, he was in fact making payment to his mother. The circumstances of its passing through the hands of the attorneys and of appellant do not change the situation. Appellee made the payment

before his mother had ratified the compromise made by her children. Appellant's conduct in depositing the money to his mother's credit was no more irregular than the premature payment of the money by appellee. He had started the money on its way to Eunice Combs and the only effect of appellant's act in receiving and depositing the money was to complete the payment. It is true there is some evidence tending to show that appellee hesitated about parting with the money before the power of attorney was executed by Eunice Combs, to Mr. Breen, and that he turned the money over on assurances from the attorneys that the compromise agreement would be carried out as agreed upon by the attorneys and the children of Eunice Combs. This may explain the premature payment, but it does not change the legal status of the parties but shows that the money was turned over knowing that there was a possibility that Eunice Combs would not agree to all the provisions of the compromise. The money either belonged to appellee or to Eunice Combs. The compromise agreement never became a binding contract and both appellee and appellant treated it as repudiated by failing to carry out certain of its provisions. The mere fact that the money passed through the hands of appellant under the circumstances shown created no liability against him. If appellee had a cause of action against any one for the money which passed through appellant's hands, it was against his mother to whose credit it had been deposited before this suit was begun.

The decision of the court is not sustained by sufficient evidence. The judgment is therefore reversed with instructions to sustain appellant's motion for a new trial.

Ibach, P. J., Caldwell, Lairy, Shea and Hottel, JJ., concur.

NOTE.—Reported in 105 N. E. 944. As to attorney's authority to compromise, settle or discharge client's case, see 132 Am. St. 163; 21 Ann. Cas. 577: On the implied power of attorney to compromise cause of action, see 31 L. R. A. (N. S.) 523. See, also, under (1) 2 Cyc. 989; (2) 29 Cyc. 951; (3) 3 Cyc. 351, 362; (4, 5) 4 Cyc. 945.