STANDARD OIL COMPANY *v.* BAUGHMAN ET AL.

[No. 14,374. Filed December 13, 1933.]

*Newberger, Simon & Davis,* for appellant.

*Henry E. White,* for appellees.

CURTIS, J.—This appeal is from the judgment of the Brown Circuit Court against the appellant in an action brought by it on an account and to set aside alleged fraudulent conveyances of real estate.

The complaint was in two paragraphs, the first being on open account and the second upon an account stated. Each paragraph also sought to have the court set aside, as fraudulent, certain conveyances of real estate by the appellees which it alleged were made for the purpose of defrauding the creditors of the appellee Bert Baughman. The appellees filed a joint and several answer of general denial to each paragraph of the complaint; the appellee Bert Baughman filed a separate answer of general denial to each paragraph and also two additional paragraphs of answer, the first being a plea of payment and the second alleging misrepresentation by the appellant by which it obtained certain written acknowledgments of indebtedness by the said appellee. To each of these two paragraphs the appellant filed a reply in gen-

eral denial. In addition to the above pleading the appellee, Bert Baughman, filed what he denominated a cross-complaint against the appellant, seeking to recover from the appellant certain sums which he alleged were due him by way of discounts on sales. This pleading was answered by a general denial. Upon the issues joined as above indicated the cause was submitted to the court for trial without the intervention of a jury, resulting in a finding against the appellant upon its complaint and against the appellee, Bert Baughman, upon his cross-complaint. The judgment was in accordance with the finding. In due course the appellant filed a motion for a new trial which was overruled and an exception reserved and this appeal prayed and perfected.

The only error assigned and relied upon for reversal is the ruling of the court on said motion. It contained fifteen causes or grounds, the first two being respectively that the decision of the court is not sustained by sufficient evidence and is contrary to law. The others relate to rulings of the court upon the admission and exclusion of certain items of evidence and in striking out the answer of the witness Wilkinson to a certain question asked him. The causes or grounds of the motion will be taken up in the order above indicated.

The evidence disclosed that Bert Baughman, one of the appellees, had, for some long period of time, been purchasing merchandise consisting largely of gas and oils from the appellant to be resold by him at his filling station. This action was for a balance alleged to be due the appellant resulting from said transactions. In order to establish its account the appellant relied mainly upon twenty-five gasoline delivery tickets being its form 090, all embodied in one exhibit, as per stipulation of the parties. They were substantially alike except as to the number on the ticket, date, amount and class of commodity and extensions in dollars and cents. Upon the reverse side of each ticket is found the following:

"Helmsburg          November 16, 1928
Station                    Date

This is to certify that I have received the merchandise and that the amount of money due therefor as shown by the reverse side of this ticket is unpaid on this date.

                    Signed   B. O. Baughman."

It is the appellant's contention that these tickets conclusively establish the account sued upon. The appellees contend otherwise and assert that there is competent evidence to sustain the finding of the court against the appellant upon its complaint. We believe the appellees are correct in their contention. We quote from the appellant's brief its concise statement of the evidence of the appellee Bert Baughman when he was called as a witness for the defendant (appellees) as follows:

"BERT BAUGHMAN, Direct Examination: I first had my attention called to the various statements marked plaintiff's exhibit "B" on Friday along about the 12th or 14th of November. Mr. Brown first called my attention to it. He is field man for plaintiff company. We were in the store at Helmsburg. Orville Brummett was present. He was present on Saturday. They had been to McClary's. When they came to me the auditor said, 'Frank says, he has two tickets against you and has not been around to get the money.' We went in and I paid them the amount that they represented. I am supposed to pay cash. I gave him the money for them and he put his name on them. That was either Thursday evening or Friday morning. They told me that McClary had put oil in and had not come over to get his money yet. I paid those too. When the auditor and Mr. Brown came back on Friday afternoon, Mr. Brown came in the store and stood there and I asked him what was the matter and he says a plenty and I said, 'What

is it?' and he says, 'look here what McClary has turned in on you after the books was run. He says, 'What do you think about that?' I says, 'I don't owe them and you ought to know that. He says, 'I know that I have just been talking to the auditor and the auditor says he has not got a scratch against you. The auditor and Brown went out and talked a little bit. They came back and he said he would like for me to ask Frank a question for him. He told me to ask Frank why all these tickets had piled up and no bill or no report made at the office about it. We went over and I asked Frank what was the reason all those tickets were here and if I had got his stuff on those days and how it came that they were not sent back to the office.' He just up and says the company would not pay so he did not bother about turning them in, was his answer. We came back to the store and they got in their machine and said they were going to Nashville. The auditor says that you do not owe it or I would have it on my books. Brownie came back on Saturday. They wanted to know if I was going to sign the tickets. I says I am not signing up a bunch of tickets I don't owe. He says, I don't blame you for not signing them for you don't owe it. I don't think you owe it but you just sign them up and that will clear the record at the office. Orville Brummett was in the office. He said the signatures were to straighten up the record. I did not owe them anything at the time I signed them. I at no time admitted or acknowledged that I owed them anything. I told them that I did not owe them anything to sign up for. I signed some papers. I was supposed to sign some tickets to correspond to some other tickets they had when I signed the tickets in Exhibit B they were separate and I thought I signed them on the face.

"Cross-Examination: I am able to read and write. I was supposed to be signing tickets. That is my signa-

ture on them. I can read the printing above my signature if I can see it. I did not see the printing when I signed the tickets. Nothing prevented me from seeing it at that time. I did not read it. I did not receive the gasoline covered by those tickets. They were made out for a charge from something I did not get. I have no explanation of my own as to the origin of these tickets. I did not know that I signed them on the back."

The salient portions of the above evidence was given without objection by the appellant. It is our opinion that there is ample evidence to sustain the decision of the court against the appellant on the account sued upon, and that the decision is not contrary to law.

If the decision of the court against the appellant on the account sued upon cannot be disturbed for the reason pointed out that it is sustained by sufficient evidence and is not contrary to law then the appellant is not, in the instant case, a creditor of the appellee, Bert Baughman, and it therefore cannot complain of the alleged fraudulent conveyances, hence any of the rulings of the court in reference to evidence relative to such conveyances need not be considered. This brings us to a consideration of the other alleged erroneous rulings as to the evidence.

Manifestly if the decision must rest and find its support in evidence that was erroneously admitted or if the result reached by the decision could not have been reached if evidence improperly excluded had been admitted, then and in either event the decision would be contrary to law as it then would have been improperly affected by an error or errors of law occurring at the trial and carried into the decision. See *Basseker* v. *Cramer* (1862), 18 Ind. 44; *Robinson Machine Works* v. *Chandler et al.* (1877), 56 Ind. 575; *Combs* v. *Combs* (1914), 56 Ind. App. 656, 105 N. E. 944.

But we have carefully read the record in the instant case. It was tried. before the court. There was some latitude allowed on cross-examination but we have found no reversible error in that respect.

One of the particular points made by the appellant is that on cross-examination the appellee, Bert Baughman, while he was witness of the appellant, was permitted to testify as to the provisions of a written contract between him and the appellant, the execution of which contract he had admitted, and the contract itself having been admitted in evidence. The testimony objected to related to the time and manner of his payments generally for purchases made from the appellant under his general contract with the appellant. The court in making its final ruling on the appellant's motion to strike out the answer of the witness said: "I will let it stay in. The written contract will prevail." It is evident that no prejudicial error was made in the ruling and that the decision of the court would not be improperly influenced.

The witness was also asked the question as to whether or not the various exhibits grouped together as exhibit B, which made up the account sued upon, were delivered to the witness by one McClary (who was appellant's agent) and always contained the amount and specified the kind of commodity bought. His answer, given before the appellant had time to object, was stricken out upon the motion of the appellant who then stated his objection to the question, which objection was sustained by the court.

It is also urged by the appellant that the court erred in permitting said witness on cross-examination while he was appellant's witness, to testify over the objection of the appellant as to when he first had his attention called to the fact that he was short in his account about eleven hundred dollars. The objection of the appellant

was that it was not proper cross-examination because it was not gone into in his examination in chief. The court, in ruling, said: "I expect, gentlemen, this is outside of the scope of cross-examination, but I will let him answer."

The appellant has not shown how any prejudicial error was thus committed. The trial court evidently concluded that the evidence was of no controlling effect and we concur in this view.

Lastly, it is contended by the appellant that the court erred in striking out, upon the motion of the appellees, the following answer made by appellant's witness Wilkinson: "He expressed the intention to pay the account as soon as he could." The answer was made in response to the question "what did he (Bert Baughman) say in substance." In our opinion the answer was correctly stricken. Even if it were conceded that it was erroneously stricken out, yet the appellant admits that it was merely cumulative of the testimony given by other witnesses. Also in the further testimony of the same witness he was permitted to give testimony substantially of the same import as that stricken out. There has been no showing of reversible error in the ruling complained of.

We find no reversible error. The judgment is affirmed.