### BROWN v. UNITED STATES.

(Circuit Court of Appeals, Seventh Circuit. June 14, 1921. Rehearing Denied August 19, 1921.)

No. 2910.

Indictment and information ⬅110(31)—Indictment for maintaining nuisance held sufficient.

An indictment under National Prohibition Act, tit. 2, § 21, for maintaining a nuisance, which follows the language of the statute, is sufficient, and it is not necessary to allege that defendant was in possession or control of the building wherein the nuisance was maintained.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Error to the District Court of the United States for the Eastern District of Illinois.

Criminal prosecution by the United States against Lewis E. Brown. Judgment of conviction, and defendant brings error. Affirmed.

James Dwyer, of Danville, Ill., for plaintiff in error.
McCauley Baird, of Olney, Ill., for the United States.

Before EVANS and PAGE, Circuit Judges, and CARPENTER, District Judge.

PER CURIAM. Brown, plaintiff in error, was, with one Hall, indicted, and in five counts of an indictment charged with various violations of the National Prohibition Act (41 Stat. 305). Hall pleaded guilty, while Brown denied guilt. Upon trial he was found guilty of (a) possessing intoxicating liquor, (b) selling intoxicating liquor, and (c) maintaining a nuisance. He was acquitted of the other two offenses charged in the indictment.

The errors he has assigned have directed our attention to the evidence admitted over objection, to the sufficiency of the count charging the maintenance of a nuisance, and to the sufficiency of the evidence to support the verdict.

We find no reversible error.

We deem it unnecessary to set forth the evidence. It would serve no useful purpose to point to the testimony of the witnesses that is persuasive of guilt. Taken as a whole, it amply supports the verdict. Applebaum v. U. S., 274 Fed. 43.

The evidence to which objections were made was admissible. While it may not have been relevant or competent so far as it related to the counts charging defendant with possessing and selling liquor, yet it was receivable under the count charging Brown with maintaining a nuisance, which offense permits the government to show numerous sales and dealings in liquor.

The count charging Brown with maintaining a nuisance followed the language of the statute, and we see no necessity for requiring the government to allege that defendant was in possession or in control of the building wherein the nuisance was maintained.

The judgment is affirmed.