## INKS v. UNITED STATES.

(Circuit Court of Appeals, Seventh Circuit. May 4, 1923.)

No. 3210.

1. **Criminal law ⊜⇒1156(1)—Denial of new trial not reviewable.**
In the federal courts, error cannot be predicated on the action of the trial judge in overruling a motion for new trial, which invokes only his discretionary action.

2. **Criminal law ⊜⇒1044—When motion for directed verdict must be made as foundation for assignment of error.**
Where it is the contention of defendant in a criminal case that there has been a failure of proof of one or more material allegations of the indictment, foundation for proper assignment of error thereon must be laid in the trial court by motion at the close of all the evidence for a directed verdict.

3. **Criminal law ⊜⇒1159(2)—Determining weight of evidence is function of jury.**
The function of weighing the evidence belongs exclusively to the jury, except as it may be reveiwed by the trial judge in disposing of a motion for new trial.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Criminal prosecution by the United States against Merl B. Inks. Judgment of conviction, and defendant brings error. Affirmed.

Charles P. R. Macaulay, of Chicago, Ill., for plaintiff in error.

Edwin A. Olson and Harry F. Hamlin, both of Chicago, Ill., for the United States.

Before BAKER, ALSCHULER, and PAGE, Circuit Judges.

PER CURIAM. **[1, 2]** In federal practice error cannot be predicated upon the action of the trial judge in overruling a motion for a new trial. Such a motion invokes only his discretionary action in approving or vacating a verdict. If the real contention of a defendant in a criminal case is that the government failed to prove one or more of the material allegations of the indictment, the foundation for a proper assignment of error must be laid in the trial court by moving at the close of all of the evidence in the case, and when the case is about to be submitted to the jury, that the judge direct the jury to return a verdict for the defendant.

In the present case no such foundation was laid, and no assignment of error was addressed to such a question, even if the foundation had been properly laid in the trial court. But, passing the failure of plaintiff in error to preserve the question and to present it in this court in a way required by the adjective law, we permitted a full discussion of the evidence at the oral argument, and have followed that discussion with examination of the bill of exceptions containing the evidence, and conclude that there was sufficient evidence to warrant the trial judge in submitting the case to the jury.

**[3]** Plaintiff in error is also mistaken in the notion that the transcript of what the witnesses said at the trial may be resorted to by us

⊜⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

for the purpose of determining whether the evidence should satisfy a jury beyond a reasonable doubt. The function of weighing the evidence belongs exclusively to the jury, except as it may be reviewed by the trial judge in disposing of a motion for a new trial. Applebaum v. United States (C. C. A.) 274 Fed. 43.

The judgment is affirmed.