## BARRY v. STATE OF INDIANA.

[No. 23,333.   Filed January 10, 1918.]

1. CRIMINAL LAW.—*Appeal.—Review.—Refusal of New Trial.—Weight of Evidence.*—The defendant's motion for new trial on the ground that the finding of the trial court was contrary to law in that it was not supported by sufficient evidence presented to the trial court a question of fact as to the preponderance of

the evidence to sustain the finding; and the overruling of the motion is not reviewable.   p. 50.

2.   CRIMINAL LAW.—*Appeal.—Review.—Failure of Proof.* — An assignment that there is no evidence to sustain a conviction presents a question of law that is reviewable on appeal.   p. 51.

3.   INTOXICATING LIQUORS. — *Unlawful Sale. — Keeping Place. — Evidence.*—In a prosecution under §8351 Burns 1914, Acts 1907 p. 689, a finding by the trial court that the defendant—a licensed saloon keeper—sold intoxicating liquors in a room adjoining his saloon, in which he had no authority to sell, through waiters who acted as his agents in the delivery and the collection of money for it, is *held* to be sufficiently supported by the evidence, a part of which is set forth in the opinion.   pp. 51, 52.

From Marion Criminal Court (46330) ; *H. C. Austill,* Special Judge.

Prosecution by the State of Indiana against Frank Barry.   From a judgment of conviction, the defendant appeals.   *Affirmed.*

*J. T. Markey* and *Edwin Steers,* for appellant.

*Ele Stansbury,* Attorney-General, *Elmer E. Hastings* and *Dale F. Stansbury,* for the state.

MYERS, J.—This was a prosecution against appellant by indictment alleging that he unlawfully kept, ran and operated a place where intoxicating liquors were sold, bartered and given away in violation of the laws of this state, as defined by §8351 Burns 1914, Acts 1907 p. 689.   A trial by the court resulted in his conviction, and the overruling of his motion for a new trial is assigned as error.   Appellant in support of his motion for a new trial insisted, and still insists, that the finding of the trial court was contrary to law in that it is not sustained by sufficient evidence.

The question as presented to the trial court not only involved the question as here, but also the weight or preponderance of the evidence to sustain a conviction within the meaning of §2158, cl. 9, Burns 1914, Acts 1905 p. 584.   That court passed upon

the error of fact, and as said in *Deal* v. *State* (1895), 140 Ind. 354, 39 N. E. 930: "When he overrules the motion for a new trial, based on that ground, he thereby says to us that with all his superior means of determining the weight of the evidence, after calmly reviewing it, he is of the opinion that the preponderance thereof fully sustained the verdict, or finding. In such a case the legislature has withheld from us the power to review his acts."

Appellant asserts, generally, that there is no evidence in this case to support a conviction. If that be true, the error is one of law and is within the jurisdiction of this court. *Deal* v. *State, supra; Luther* v. *State* (1912), 177 Ind. 619, 98 N. E. 640; *Combs* v. *Combs* (1914), 56 Ind. App. 656, 105 N. E. 944.

2.

Without taking the time and space to point out all the evidence disclosed by the record tending to support the finding of the court, as that is the only evidence proper for this court to consider (*Merrill* v. *State* [1910], 175 Ind. 139, 93 N. E. 857, 44 L. R. A. [N. S.] 439; *Wilson* v. *State* [1910], 175 Ind. 458, 93 N. E. 609), it will be noticed that on December 23, 1916, appellant was a licensed retail liquor dealer at No. 206 Indiana avenue, Indianapolis; that he had theretofore leased from the owner of the premises not only the room covered by his license, but an adjoining room, the two connected by two large swinging doors. The adjoining room was furnished with tables, including linen and other fixtures ordinarily used in a restaurant. These fixtures were owned by appellant, who received $15 per month from another person for the privilege of using them and of serving meals in this room. On the evening aforesaid, a large number of persons, both men and women, were seated at these tables, drinking beer and other liquors which were obtained from

3.

appellant's bar by waiters employed in the restaurant, and who used the swinging doors in passing to and from the bar in serving the liquors. These waiters were not paid a salary or wages by anyone; but did the work for what they might receive in the way of tips from patrons of the restaurant. In speaking of these waiters appellant said, "I would not have them if they did not look clean, or if they were drinkers." All the.liquors served to patrons of the restaurant were owned and furnished by appellant, who knew all the facts and received all the profits from such sales, and the person who furnished the meals received all the profits therefrom. It appears that the person who served the meals —a Mr. Okato—and appellant considered the right to serve them a privilege, and not a lease; however, for about a year prior to December, Okato paid a fixed price per month. About this time Okato opened a new place and left his cook in charge of the old, but no one after that time paid anything to appellant for the meal privileges; yet the business continued without interruption notwithstanding Okato had abandoned it. Appellant testified that Okato came to him and told him that business was bad, that he could not pay the rent, and "I let him go." Appellant instructed the waiters to collect the money in advance from their patrons for liquors to be served in the restaurant; and they did so collect the money, with which they paid at the bar for all liquors so served.

In this case, as in the case of *Dugan* v. *State*, (1918), *ante* 32, 118 N. E. 307, decided at this term, the question to be determined from the evidence was

3. whether the sales of intoxicating liquor were made at appellant's bar, or in the adjoining room, where he had no authority to sell. *Commonwealth* v. *Burgett* (1884), 136 Mass. 450. The trial court evidently found that the sales were made by appellant through the

waiters in the room where the money was collected, and the liquors actually delivered to the purchasers. For if the waiters, in the purchase of the liquors, acted as the agents or representatives of the patrons of the cafe, appellant would not be guilty, and should not have been convicted, but the evidence in this case is not such that we can say, as a matter of law, that the finding of the trial court was not justified. Judgment affirmed.

Note.—Reported in 118 N. E. 309. Intoxicating liquors: place of sale, 44 L. R. A. (N. S.) 435; illegal sale of, by agents, 12 Am. St. 354. See under (3) 23 Cyc 276.