## BAIN v. UNITED STATES.*

(Circuit Court of Appeals, Sixth Circuit. January 6, 1920.)

No. 3301.

1. CRIMINAL LAW ⬤�center935(1)—GRANTING NEW TRIAL FOR INSUFFICIENCY OF EVIDENCE IN DISCRETION OF COURT.

In a criminal case, it is not a trial court's legal duty to grant a new trial, when he is not himself satisfied that the evidence establishes guilt beyond a reasonable doubt; but he may deny a new trial, unless convinced that reasonable men could not have considered the evidence to have established accused's guilt beyond a reasonable doubt.

2. WITNESSES ⬤⟫298—DEMANDING ACCUSED'S PRODUCTION OF PAPERS REQUIRES DEFENDANT TO TESTIFY AGAINST HIMSELF.

In a prosecution for defrauding a national bank, a demand that accused produce certain checks and drafts which the bank should have returned to him *held* erroneous, because equivalent to an attempt to compel accused to testify against himself.

3. CRIMINAL LAW ⬤⟫1168(1)—DEMAND THAT ACCUSED PRODUCE EVIDENCE AGAINST HIMSELF NOT REVERSIBLE ERROR.

In a prosecution for defrauding a national bank, the error in demanding that accused produce certain checks and drafts for use against him does not require reversal, where the court directed the jury to disregard the demand, secondary evidence established many of the checks and drafts involved, and defendant later offered in evidence all the checks and drafts in his possession.

4. BANKRUPTCY ⬤⟫242(2)—CROSS-EXAMINATION ON TESTIMONY UNDER BANKRUPTCY ACT.

Under Bankruptcy Act, § 7, cl. 9 (Comp. St. § 9591), providing for an examination of the bankrupt, which shall not be offered in evidence against him in a criminal proceeding, etc., an accused, on trial for defrauding a national bank, is not subject to be cross-examined regarding his testimony on his bankruptcy examination.

5. CRIMINAL LAW ⬤⟫1043(1)—OBJECTION TO ADMITTING DEPOSITION INSUFFICIENT.

In a prosecution for defrauding a national bank, objection that a deposition of accused in the bankruptcy court was not the best evidence, and the final objection that it was incompetent, do not save for review the point that Bankruptcy Act, § 7, cl. 9 (Comp. St. § 9591), precluded such testimony from being used against the bankrupt, since the general objection that the deposition was incompetent must have been supposed to relate back to the objection that it was not the best evidence.

6. BANKRUPTCY ⬤⟫242(2)—NECESSITY OF OBJECTING TO BANKRUPTCY DEPOSITION.

Bankruptcy Act, § 7, cl. 9 (Comp. St. § 9591), providing that a bankrupt's testimony shall not be offered in evidence against him in criminal proceedings, does not obviate the necessity of objecting to such testimony when offered.

⬤⟫For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
*Certiorari denied 251 U. S. —, 40 Sup. Ct. 396, 64 L. Ed. —.

**7. CRIMINAL LAW ⬤⟿1186(4)—ERROR IN ADMITTING ACCUSED'S DEPOSITION AGAINST HIM NOT PREJUDICIAL.**

In a prosecution for defrauding a national bank, the erroneous admission of accused's deposition, taken under Bankruptcy Act, § 7, cl. 9 (Comp. St. § 9591), does not require reversal, where accused did not deny anything important developed in the deposition, as Judicial Code, § 269 (Comp. St. § 1246), as amended by Act Feb. 26, 1919, requires judgment to be given without regard to technical errors not affecting substantial rights.

In Error to the District Court of the United States for the Middle District of Tennessee; Edward T. Sanford, Judge.

Arthur Bain was convicted of defrauding a national bank, and he brings error. Affirmed.

Bain was a business man who, for a series of years, had dealings with a neighboring national bank. When the bank failed, its cashier and manager claimed that he had paid over large sums to Bain, by honoring checks and drafts which were not covered by any funds on deposit, and by paying cashier's checks and certificates of deposit which had been issued to Bain without consideration. The cashier and Bain were indicted for conducting these transactions with intent to injure and defraud the national bank. The cashier seems to have pleaded guilty. Bain was convicted, and brings this writ of error. The assignments of error all pertain to the admission of evidence, and all, except two, were abandoned on the argument in this court. These two, and one alleged error, not assigned, constitute the matters for decision.

A. M. Tillman, and J. C. McCall, both of Nashville, Tenn., for plaintiff in error.

Lee Douglas, U. S. Atty., of Nashville, Tenn.

Before KNAPPEN, DENISON, and WARRINGTON, Circuit Judges.

DENISON, Circuit Judge (after stating the facts as above). 1. One of the grounds of a motion for new trial, overruled by the trial judge, was that the verdict was not supported by the evidence. As to this, the trial judge said:

"The verdict is sustained by material evidence, and is not manifestly against the weight of the evidence, so as to require or warrant its being set aside."

While it is not claimed that we could or should review the discretion of the trial judge in passing upon the motion for new trial, it is urged that he misconceived his legal duty, and thus committed reversible error. This ground of error is not assigned; but, if there was error in this respect, which was plain and clear, we should be inclined to notice it under rule 11 (202 Fed. viii, 118 C. C. A. viii), and accordingly we have considered this complaint.

[1] Counsel's proposition is that, if the trial judge is not himself satisfied that the evidence shows defendant's guilt beyond a reasonable doubt, it is his legal duty to set aside the conviction and give a new trial; that what the judge said in this case indicated his own belief that the evidence was not of this compelling character; and that there was no room for the exercise of his discretion, since, by

his conclusion, he had removed the foundation therefor. We think this position untenable, and that there was no error, even if it should be assumed that the personal opinion of the trial judge was as is thus supposed. It is, of course, within the discretion of a trial judge to grant a new trial, if he thinks that, in a civil case, the jury disregarded the preponderance of evidence, or that, in a criminal case, the evidence lacks that degree of persuasiveness without which there should be no conviction; but we do not understand that his imperative legal duty in this respect, apart and distinct from his discretionary rights and duties, is different from that of an appellate court, nor that he must set aside a verdict merely because he thinks it is not the right one under the evidence; and it follows that it cannot be said to be his legal duty to set aside a conviction, unless he is convinced that no reasonable man can think the evidence sufficient beyond a reasonable doubt—in other words, unless he concludes that the verdict was not supported by any substantial evidence, in the sense in which that phrase must be used in connection with the necessity of proof beyond a reasonable doubt. See Kelly v. U. S. (C. C. A. 6) 258 Fed. 392, and cases cited on pages 406, 407, —— C. C. A. ——.

The general principle may be illustrated by the familiar case where the trial judge sets aside a verdict in a civil case because it is against the weight of the evidence, and, upon another trial before the same judge and upon the same evidence, another jury renders the same verdict. Undoubtedly, he may, as he often does, consider this history as a sufficient reason for disregarding his still persisting individual opinion about the evidence, and for refusing another trial; and this practice demonstrates that the opinion of the judge upon that subject does not, as matter of law, constrain him to grant a new trial accordingly. There is nothing in this record to show that the trial judge had found the evidence so insufficient as to deprive him of his ordinary discretionary power.

[2, 3] 2. Many of the transactions involved, during the long period of time covered, depended upon Bain's checks and drafts which, in due course of business, would have been returned by the bank to him. The prosecution was prepared to give secondary evidence regarding their contents, and undertook to lay the basis therefor by demanding that Bain produce the originals of these as well as of his unpaid checks and drafts. It is sufficient to say that the manner of the demand and the proceedings had in connection therewith clearly constitute error, in that they amounted to an attempt to compel the respondent to testify against himself, within the definition fixed by this court in McKnight v. U. S., 115 Fed. 972, 54 C. C. A. 358. It ought to be said that not until after the proceedings had reached this stage was the attention of the court called to the particular objection, nor—apparently—did it occur to defendant's counsel. When the objection was made and had been considered, the court said to the jury:

"Under the constitutional right of defendant, that notice [to produce original checks and drafts] should not have been given, and the court was in error

in making the suggestion and permitting the notice to be given in your presence, and that action is withdrawn. That notice goes for nothing. You are not to draw any inference as to whether the defendant has or has not these vouchers in his possession. There is no inference to be drawn against him, if it appears that he does not produce them later in the trial. The government proceeds to prove its case and [the defendant was not required to make the production] and no inference whatever is to be drawn from his failure to do so. You understand that. Expunge that matter from your minds as though you had not heard it."

We do not find that any exception was saved to the earlier action of the court in permitting the demand, nor to any supposed insufficiency of the effort thus made by the court to cure the error; and yet we do not depend solely upon that ground for concluding, as we do, that there was no reversible error. Plainly, the trial court did everything possible to neutralize the false step which had been made. The argument of counsel is that the injury was past remedy, since it was impossible for the jury to expunge from their minds the things which they had seen and heard. See comment to that effect in Gillespie v. State, 5 Okl. Cr. 546, 115 Pac. 620, Ann. Cas. 1912D, 259, 35 L. R. A. (N. S.) 1171. Every such case must depend upon its own circumstances as to whether the net result is reversible error; and we therefore look further into the record. The case is one where ample secondary evidence was at hand to prove many of these checks and drafts, and some evidence as to all of them, and there are no suggestions that this secondary evidence was attacked or questioned. The inference that many of these originals had come into Bain's possession, and that he could or would produce them or account for their absence, if he questioned anything shown by the bank books, would be so natural in the minds of all men that we doubt whether it could be regarded as either created or strengthened in the minds of this jury by the demand which was made.

Later in the trial, and as a part of his defense, Bain produced all that he had of these same checks and drafts, and offered them in evidence; and while, under many circumstances, such a production and offering could not be called voluntary, after what had occurred, yet we have no substantial doubt that he would have produced and offered them just the same, if the objectionable demand had never been made. Further, it cannot be said that the evidence covered by the demand was "highly incriminatory." Having this view of the practical situation, we cannot think that Bain was, in the end, substantially prejudiced by the erroneous view which the court temporarily and briefly held and expressed. For instances where it was thought that such an error might be sufficiently cured, see Wilson v. U. S., 149 U. S. 60, 67, 68, 13 Sup. Ct. 765, 13 L. Ed. 650, and Dunlop v. U. S., 165 U. S. 486, 489, 17 Sup. Ct. 375, 41 L. Ed. 799, and People v. Gibson, 218 N. Y. 70, 112 N. E. 730, Ann. Cas. 1918B, 509.

3. At some time prior to the trial, Bain had gone into bankruptcy and had submitted to an examination, pursuant to section 7 (9) of the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 548 [Comp. St. § 9591]). His deposition had been written out and signed by him and

deposited with the clerk of the bankruptcy court. The original deposition was not available, but, upon the trial of this indictment, the district attorney had a copy of the deposition, certified by the clerk of the bankruptcy court, and offered it in evidence. Eventually, the entire deposition was received in evidence and filed; but no portions of it were read to the jury, excepting those portions which were read to Bain on cross-examination when he was testifying as a witness in his own behalf, and the reading of each portion to him was accompanied by the question whether he did not so testify upon his bankruptcy examination. In each case he said he did. In each of these instances, no objection was made to this use of a portion of the deposition; but it is fairly to be inferred that it had been the intention of all parties to save such questions as they desired to save upon this subject while the admission of the entire deposition was being considered, and we therefore overlook the absence of any specific objection at the later times, when alone the use of these portions could have been prejudicial.

[4] The substantial objection now urged is that the same paragraph of the Bankruptcy Act which authorizes this examination (section 7, cl. 9) concludes:

"But no testimony given by him shall be offered in evidence against him in any criminal proceeding."

Obviously, the use permitted of this deposition was erroneous, and we have only to decide whether objection was properly saved for our consideration, and whether there was substantial prejudice.

[5] It is plain that the thought that the statute itself forbade this use of the deposition never occurred, either to counsel or the court, until motion for new trial was made. At first, it was specifically objected that the certified copy was not the best evidence. Eventually, this was withdrawn, and it was agreed that the copy should be considered as if it were the original. Still the objection was made that it was not the best evidence, but that the testimony should be proved by some one who heard it given. In one form or another, this claim was insisted upon at several different times, and though, upon the final conclusion of the court to admit the deposition, it was objected to as "incompetent," there was still no suggestion as to why it was incompetent, except for the reason which had already been given.

Such a record, showing that the objection was rightly overruled so far as concerns the only reason then urged in its support, does not call upon us to reverse a judgment because counsel have later discovered another and a better reason. It may well be said, as it has been (Johnson v. U. S., 163 Fed. 30, 31, 89 C. C. A. 508, 18 L. R. A. [N. S.] 1194), that where an objection in general words must have been understood by counsel and by court to be for a particular reason, because that reason was well known and no other was suggested, the objection will be considered sufficiently definite to base error upon; but that is not this case. Here the objection that the testimony was incompetent had been based upon a special reason strenuously urged, and all the circumstances contradict any infer

ence that either court or counsel could have supposed it to rest upon the objection now urged. See Davis v. U. S. (C. C. A. 6), 107 Fed. 753, 757, 46 C. C. A. 619.

[6, 7] Objection by defendant was necessary. True, the statute says the deposition "shall not be offered"; but we cannot construe this language as obviating the right to use by consent, nor the inference that consent is to be implied from lack of objection. Burrell v. Montana, 194 U. S. 572, 577, 24 Sup. Ct. 787, 48 L. Ed. 1122. If we should hesitate to consider this alone an arbitrarily sufficient reason for refusing to disturb a conviction, we would again look into the record to discover how much Bain was hurt by the use of this deposition. It is difficult to find any substantial injury. It does not seem that, as a witness on this trial, he questions or denies anything important that developed in the deposition, or that there was really, in the end, any dispute of fact which was materially affected by anything read to the jury out of the deposition. Such inconsistencies as there were are too trifling to justify thinking that the jury gave any force to them.

A reasonable probability (to say the least) that this error need not be thought prejudicial under the practice formerly prevailing in the federal appellate courts becomes a certainty in view of section 269 of the Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1163 [Comp. St. § 1246]), as amended February 26, 1919, c. 48, 40 Stat. 1181.[1] It is now provided that judgment shall be given upon a writ of error "without regard to technical errors, defects or exceptions which do not affect the substantial rights of the party." Under this section, it must at least be true that there cannot be, from the mere existence of error, any effective presumption of prejudice, when the appellate court is able to say from the record that it is not reasonable to infer that the substantial rights of the plaintiff in error have been injuriously affected. West v. U. S. (C. C. A. 6), 258 Fed. 413, 415, —— C. C. A. ——.

The judgment of the court below must be affirmed.