## LOWERY v. STATE OF INDIANA.

[No. 24,779.   Filed April 9, 1925.   Rehearing denied June 12, 1925.]

1. CRIMINAL LAW.—*Sufficiency of affidavit cannot be questioned for first time on appeal.*—The sufficiency of the facts stated in an indictment or affidavit, or in a count thereof, to charge the commission of a public offense, cannot be attacked for the first time by an assignment of error, on appeal; this does not challenge the jurisdiction of the court.   p. 317.

2. INTOXICATING LIQUORS.—*Evidence held to show transportation of liquor.*—In a prosecution for transporting liquor evidence of facts and circumstances considered and *held* to warrant an inference of guilt.   p. 318.

3. CRIMINAL LAW.—*Credibility and weight of evidence is for the jury and will not be set aside on appeal if it supports the verdict.*—The credibility and weight of evidence and the inferences to be drawn from facts proved, are primarily for the jury, and secondarily for the trial judge, in passing on the motion for a new trial, and if the jurors and the judge have given credit to testimony, as to the conduct of accused which might seem improbable or foolish conduct, their action will not be set aside on appeal.   pp. 321, 322.

4. INTOXICATING LIQUORS.—*It is not necessary to negative exceptions contained in another section of the statute.*—In charging an offense under §1, ch. 23, Acts 1923 p. 70, it is not necessary, in order to show that the court had jurisdiction, for the affidavit to negative the exceptions contained in other sections; it is sufficient to charge the offense in the language of the statute.   p. 322.

From Grant Circuit Court; *J. Frank Charles*, Judge.

Charles Lowery was convicted of a violation of the prohibition law and he appeals. *Affirmed.*

*John A. Kersey,* for appellant.

*U. S. Lesh,* Attorney-General, and *Mrs. Edward Franklin White,* Deputy Attorney-General, for the State.

EWBANK, J.—Appellant and another were jointly charged in the first count of an affidavit with unlawfully and feloniously transporting two gallons of intoxicating liquor in an automobile, and in the second count with unlawfully transporting two gallons of intoxicating liquor. The jury returned a verdict finding them both guilty as charged in the second count, and that each should be fined $250 and imprisoned for 120 days, and judgment was rendered accordingly. Neither count of the affidavit was challenged in any manner in the court below, but appellant seeks to question the sufficiency of the second count for the first time on appeal, by assigning as error that the facts charged in that count do not constitute a violation of law, and that "the court had no jurisdiction of the subject of the action on the second count." The sufficiency of the facts stated in an indictment or affidavit, or in a count thereof, to charge the commission of a public offense, cannot be attacked for the first time by an assignment of error, on appeal. *Boos* v. *State* (1914), 181 Ind. 562, 565, 105 N. E. 117; *King* v. *State* (1921), 191 Ind. 306, 132 N. E. 628.

Appellant does not question the jurisdiction of the court over the subject-matter of prosecutions for the unlawful transportation of intoxicating liquor, but insists that the second count fails to charge such an offense because it does not state the method of transportation, as being in an automobile or other vehicle, or in a water or air craft. This alleged insufficiency

of the facts stated in one of the counts does not constitute a challenge of the jurisdiction of the court, and cannot be considered, where no such objection was made in the court below.

Overruling the motion for a new trial is assigned as error, under which appellant insists that the verdict is not sustained by sufficient evidence and is contrary to law. Witnesses testified that on June 4, 1924, a man acting as a detective, who had been sworn as a deputy sheriff, was driving east from the city of Marion, and as he passed the Campbell school house, three and a half or four miles east, where there is a cross-road, he met appellant driving west in a Ford car, a few rods east of the school house, and saw his codefendant walking south by the school house; that as appellant passed the corner the codefendant motioned for him to come down that way; that appellant drove west a quarter of a mile or so, where he turned around and drove back to the cross-road, and turned south; that he drove half a mile south to where some bars opened through the fence into a woods on the east side of the road, and stopped there, and ten or fifteen minutes later his car was still at the side of the road beside those bars; that after meeting appellant the detective deputy sheriff turned his car around and drove to a farmhouse half a mile west of the cross-road, where he telephoned the sheriff's office; that another deputy sheriff, who usually drove a Buick car, drove out from town in a borrowed Ford car, picked up the deputy who had telephoned him, and who concealed himself in the back seat, and then drove south to the woods and drew up behind the car that appellant had been driving; that this was between one o'clock and half past one, in the afternoon; that as the deputy sheriffs approached, appellant was over in the woods, walking toward the bars, and as they drew up behind his car he was about twenty

feet from the bars, on the inside of the woods; that appellant's codefendant then came around in front of appellant's car and raised up the hood; that the officer said to them "What's going on here? You are surely up to some mischief. What mischief have you been into?" That appellant answered that they were not doing a thing, and said "I don't know anything about booze"; that the officer found a laprobe in appellant's car, under which was a "grip," or satchel, that was open, in which was a newspaper that had creases in it such as might be made by two one-gallon cans being wrapped in it and sitting upon it; that the satchel and the newspaper smelled of alcohol; that appellant's companion said the satchel belonged to him, that he was on his way to Gas City for his laundry, and that his winter overcoat had been in the satchel, wrapped in the paper, until a few moments before; that appellant's codefendant walked around in front of his car, where the officer could only see his head and shoulders, and made some motion, as if to take something from his pocket, and "pulled his arms sideways to his body"; that the officer noticed "log dust," which he took to be "dirt of rotten logs," on the clothing of both defendants, especially on the sleeve of each man's coat; that he observed appellant's shoes were not very muddy, and leaving the "detective" in charge of appellant and his codefendant, the deputy sheriff went back into the woods, following the high ground, about 200 or 300 feet, where he found an old log with a piece broken off, and inside of it, "buried in log dust," he found two cans of alcohol that would each hold one gallon; that the place, though not the log, could be seen from the highway through the trees; that appellant and his codefendant were sitting in the car, and when the deputy sheriff found the cans appellant said "By God, they found it"; that this crossroad was a dirt road—a "mud road," and the woods

were full of water and weeds, and the low ground in the woods was "awfully muddy"; that appellant's car made a track where it was turned around on the east and west road, and where it was driven south on this road; that the liquor in the cans would burn, and was largely grain alcohol; that after taking the two men to jail the officers returned to the bars, and in some weeds near where appellant's codefendant had stood when he moved his arms and shoulders they found a bottle of whisky; that appellant was a taxicab driver, and his codefendant followed the business of a tobacco buyer in southern Indiana for about four months in the winter, but during the rest of the year lived at Marion, with no business in particular; that they were driving to Gas City, and appellant was under promise to call at the Soldier's Home at two o'clock and take some passengers to the railroad station, and having plenty of time they just drove around that way, which was several miles farther than the pike; that they stopped there by the woods to see why the engine was "missing," and fixed a loose wire on a spark plug. Appellant denied having been over in the woods at all, where the deputy sheriff said he saw him, and denied that his codefendant was walking in the road near the Campbell school house, where the "detective" deputy sheriff said he was.

Because of the improbability of some of this testimony, such as the testimony that appellant and his companion had failed to brush the "log dust" off their clothes, and that they had parked their car in a highway and the liquor was found in a log at a place within sight from the highway, and that appellant's codefendant motioned him to drive south when the passing "detective" could see him, and because of certain inconsistencies between different parts of the evidence for the state, and in view of the fact that appellant denied

some important parts of this testimony counsel ask the Supreme Court to reject all the evidence given by the two deputy sheriffs as being "contrary to reasonable probability," and "inconsistent with the common principles by which the conduct of mankind is naturally governed," and to condemn their story as made up of perjury. This we cannot do. Nothing was testified that could not have happened exactly as stated. And granting that it would have been imprudent, or even foolish, for the defendants to have done as the witnesses said they did, this court does not have judicial knowledge that they were either prudent or wise, nor does the evidence show that they knew the "detective" to be an officer at that time, or that they had reason to suspect the Ford car in which the officers were riding of containing deputy sheriffs. The credibility and

3. weight of evidence, and the inferences to be drawn from the facts proved, are primarily for the jury, and secondarily for the trial judge, in passing on the motion for a new trial. And if the jurors and the trial judge have given credit to testimony that a thing was done or was said, and have drawn therefrom an inference of guilt, their action will not be set aside on appeal merely because the defendant denied what was testified, or because it may seem probable that a shrewd offender would act more wisely. If the evidence above set out was believed by the jury it was sufficient to support the inference which they drew that appellant was guilty, as charged. No other question is presented or discussed by counsel.

The judgment is affirmed.

ON PETITION FOR REHEARING.

EWBANK, J.—The second count of the affidavit charged that at, etc., on, etc., appellant and another "did

then and there unlawfully transport two gallons of intoxicating liquor." The statute makes it unlawful to "transport  *  *  *  any intoxicating liquor except as in this act provided," the exceptions being contained in other sections of the act. §1, ch. 23, Acts 1923 p. 70, amending §4 (as previously amended), ch. 4, Acts 1917 p. 15.

Under such circumstances it was not necessary, in order to show that the court had jurisdiction, for the affidavit to negative the exceptions contained in the other sections referred to. *Jenkins* v. *State* (1919), 188 Ind. 510, 124 N. E. 748. It was sufficient to charge the offense in the language of the statute. *Asher* v. *State* (1924), 194 Ind. 553, 142 N. E. 407.

Under subd. 9, §2325 Burns 1926, [§2158 Burns 1914] §282, Acts 1905 p. 584, authorizing the defendant in a criminal case to move for a new trial for the alleged reason that the verdict or finding is not sustained by sufficient evidence, the judge of the trial court, who saw the witnesses and heard them testify, may and should consider and pass upon the weight of conflicting evidence. But after he has approved the verdict, an appellate court, to which the evidence comes only in written or printed form, can consider only the question whether or not there is any evidence which, if believed, will support the verdict. And if there is, it cannot undertake to say that the evidence believed by the jury and the trial judge is unworthy of credit. *Deal* v. *State* (1895), 140 Ind. 354, 39 N. E. 930; *Brunaugh* v. *State* (1910), 173 Ind. 483, 511, 90 N. E. 1019; *Barry* v. *State* (1918), 187 Ind. 49, 118 N. E. 309.

The petition for a rehearing is overruled.