## PARTLOW v. STATE OF INDIANA.

[No. 24,898. Filed May 28, 1929. Rehearing denied June 25, 1929.]

*Floyd G. Christian* and *Ralph H. Waltz*, for appellant.
*Arthur L. Gilliom*, Attorney-General, and *George M. Barnard*, for the State.

WILLOUGHBY, J.—This prosecution was commenced by indictment in which the appellant was charged with unlawfully and feloniously buying, concealing, and aiding in the concealment of stolen property. This is the second appeal in the case.

In the first appeal the judgment of the trial court was affirmed. *Partlow* v. *State* (1920), 191 Ind. 660, 128 N. E. 436. By virtue of a writ of *coram nobis*, issued in an original action in this court, the criminal court of Marion County was directed and authorized to receive and act upon a motion for a new trial by said appellant, John Partlow, which said Partlow was authorized to file in said court. *Partlow* v. *State* (1924), 195 Ind. 164, 144 N. E. 661. The motion for a new trial was filed, as authorized, in said Marion Criminal Court, and said court sustained said motion and a new trial was granted, and said Partlow was again tried and convicted and judgment rendered, and, from the judgment so rendered in said second trial, this appeal is taken. Both trials were by jury.

Section 2465 Burns 1926 provides that "whoever buys,

receives, conceals or aids in the concealing of anything of value, which has been stolen, . . . knowing the same to have been stolen, . . . shall, if the goods be of the value of $25.00 or more, on conviction, suffer the punishment prescribed for grand larceny, and if the goods be of the value of less than $25.00 shall suffer the punishment prescribed for petit larceny."

The indictment in this case alleges that Carl Bernauer and Thomas Sterrett, on the 14th day of July, A. D. 1919, at and in the county of Marion, State of Indiana, did then and there unlawfully and feloniously take, steal and carry away one automobile of the value of $400, of the personal goods and chattels of one Bert Ashley, and that the appellant, John L. Partlow, did then and there unlawfully and feloniously buy, conceal, and aid in the concealment of said property, he, the said John L. Partlow, then and there well knowing the same to have been feloniously stolen by the said Carl Bernauer and Thomas Sterrett as aforesaid.

There was a motion by the defendant to quash the indictment on the following grounds: (1) The facts stated in the indictment do not constitute a public offense. (2) The indictment does not state the offense with sufficient certainty.

It has been held that an affidavit and information for receiving stolen goods must charge, in substance, that the goods had been stolen and had been received by defendant, knowing that they had been stolen. An indictment or information is sufficient if the charge is made substantially in the language of the statute. An averment in an indictment for receiving stolen goods that defendant feloniously received the goods that had been stolen is equivalent to charging that the defendant received the goods which at the time of the receiving were still under the larcenous taking, and the defendant knew it. If the goods when received were

not the subject of larceny, the receiving would not have been felonious. *Semon* v. *State* (1902), 158 Ind. 55, 62 N. E. 625; *Blum* v. *State* (1925), 196 Ind. 675, 148 N. E. 193. The court did not err in overruling the motion to quash the indictment.

The appellant urges that the verdict is not sustained by sufficient evidence. The appellant alleges that he was convicted entirely upon the testimony of the witnesses Bernauer and Sterrett, who claim to have stolen the automobile and sold the storage ticket or tag therefor to appellant. The appellant alleges that the testimony of these two witnesses is wholly unreliable; that this appellant was convicted of this offense in the first trial upon the testimony of these two witnesses; that the judgment was affirmed by this court; that the appellant secured a new trial by virtue of a writ of *coram nobis;* that the appellant's petition for said writ was supported by the affidavits of these two witnesses, in which they testified that the evidence which they gave in the first trial against this appellant was untrue; that this appellant was tried again and these same witnesses testified in the second trial that the affidavits which they had filed discrediting their testimony in the first trial for the purpose of securing a new trial by virtue of a writ of *coram nobis* for this appellant were untrue; that they testified again to the same facts which they had testified to in the original trial; that appellant was convicted upon such testimony. The appellant alleges that the testimony of these witnesses is wholly unreliable because they had been discredited, and seeks to have their testimony withdrawn from the jury, but it must be borne in mind that in determining the credibility of witnesses in a case of this kind, the jury has the right, and it is within the province of such jury exclusively, to weigh the evidence and determine the quality of such evidence. In a criminal prosecution the quality of the

evidence is peculiarly for the trial court and for the jury. *Parsons* v. *State* (1921), 191 Ind. 194, 131 N. E. 381.

The credibility of the witnesses and the weight to be given to the testimony of each witness were proper matters for the consideration of the jury and where their verdict has met the approval of the trial court, it will not be disturbed in this court. See *Skaggs* v. *State* (1886), 108 Ind. 53, 8 N. E. 695, and cases there cited.

To present error on the ground of insufficiency of evidence one must show that there is a complete failure of evidence on a material issue. *Berry* v. *State* (1919), 188 Ind. 102, 122 N. E. 324; *Lowery* v. *State* (1925), 196 Ind. 316, 147 N. E. 151, 148 N. E. 197; *Shine* v. *State* (1925), 196 Ind. 686, 148 N. E. 411.

By §2267 Burns 1926, accomplices are competent witnesses when they consent to testify. A defendant may be convicted on the uncorroborated testimony of an accomplice, if the jury concluded to convict the defendant, although the testimony of such accomplice is standing alone, uncorroborated by any other witness or evidence in the case. *Adams* v. *State* (1923), 194 Ind. 512, 141 N. E. 460; *Vorhees* v. *State* (1922), 192 Ind. 15, 134 N. E. 855; *Parsons* v. *State*, *supra*.

But in this case it cannot be said that the testimony of Bernauer and Sterrett, the two accomplices, is wholly uncorroborated. The evidence shows that this stolen automobile was found by a city detective in appellant's garage, and that on the same occasion seven other stolen automobiles were found in appellant's garage. This evidence corroborated the testimony of Bernauer and Sterrett, to the effect that they were in the habit of stealing automobiles and selling them to the appellant. One of appellant's witnesses testified that Bernauer and

Sterrett would bring automobiles in the garage and store some there. Bernauer and Sterrett testified that the car was found in a locked room on the second floor after it had been stored on the first floor by an attendant, and this attendant testified that he did not know who took the car to the second floor. A city detective testified that appellant had the key on his person which unlocked the door to the room in which seven stolen automobiles were found.

The weight and credibility of an accomplice's testimony is a question for the jury and they may, if they see fit, accept part and reject part of such testimony. The fact that the two accomplices of the appellant testified to one state of facts at the first trial of this case and afterward made affidavit to the effect that their testimony in the first trial was false, but on the second trial of the case, these accomplices testified as witnesses again and their testimony was the same as at the first trial does not take away from the jury the right to weigh their testimony and determine what weight, if any, they will give to it.

The jury heard the testimony of these accomplices and heard the testimony of the witnesses produced to attack the character and credibility of them. It is evident that the jury believed them; and the credibility of a witness or witnesses is to be determined wholly by the jury, and this court has no right to dispute the finding of the jury in such case.

In determining whether a verdict is sustained by sufficient evidence, the reviewing tribunal must accept as true all the evidence and all inferences from facts of which there is evidence which tend to prove what the jury found by its verdict and to reject as lacking credibility all that tending to prove the contrary. *Shine* v. *State, supra; Lowery* v. *State, supra.*

If the evidence set out was believed by the jury, it was

sufficient to support the inferences which the jury drew that appellant was guilty as charged. The jury was the sole judge of the credibility to be given to the testimony of the witnesses Bernauer and Sterrett, and, after such jury had determined that it would believe such testimony, and the trial court has sustained it in overruling the motion for a new trial, this court will not disturb such finding and verdict. Under subd. 9, §2325 Burns 1926, authorizing the defendant in a criminal case to move for a new trial for the alleged reason that the verdict or finding is not sustained by sufficient evidence, the judge of the trial court, who saw the witnesses and heard the testimony, may and should consider and pass upon the weight of conflicting evidence. But after such judge has approved the verdict, an appellate court, to which the evidence comes only in written or printed form, cannot undertake to say that the evidence believed by the jury and the trial judge is unworthy of credit. *Barry* v. *State* (1918), 187 Ind. 49, 118 N. E. 309; *Lowery* v. *State, supra.*

The other causes assigned in appellant's motion for a new trial are not presented in his brief and are therefore waived. *O'Brien* v. *Knotts* (1905), 165 Ind. 308, 75 N. E. 594; *Stamets* v. *Mitchenor* (1905), 165 Ind. 672, 75 N. E. 579; *Schmoe* v. *Cotton* (1906), 167 Ind. 364, 79 N. E. 184; *Woodward* v. *State* (1926), 198 Ind. 70, 152 N. E. 277.

Judgment affirmed.