**Theodore THOMPSON, Appellant–
Defendant Below,**

v.

**STATE of Indiana, Appellee–
Plaintiff Below.**

No. 45A03–9112–CR–371.

Court of Appeals of Indiana,
Third District.

April 21, 1992.

Albert E. Marshall, Jr., Appellate Div., Lake Superior Court, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen. of Indiana and Richard C. Webster, Deputy Atty.

Gen., Office of Atty. Gen., Indianapolis, for appellee.

STATON, Judge.

Theodore Thompson appeals his conviction for burglary, a Class A felony, raising the sole issue of whether the trial court erred in denying his Trial Rule 59(J)(7) motion for a new trial.

We affirm.

The parties do not state the appellate standard of review to be utilized on appeal from the denial of a Trial Rule 59(J)(7) motion for a new trial. While we find no criminal majority opinion in which the standard of review is stated, our supreme court has outlined the applicable standard of review in the civil setting:

> On consideration of the granting of a new trial, the trial judge has an affirmative duty to weigh conflicting evidence. The trial judge sits as a "thirteenth juror" and must determine whether in the minds of reasonable men a contrary verdict should have been reached. An appellate court cannot assume the responsibility of weighing conflicting evidence in reviewing the trial judge's action on a motion for a new trial (here a motion to correct error). The sole duty of an appellate court is to examine the record to see if:
>
> (a) The trial court abused its judicial discretion;
>
> (b) A flagrant injustice has been done the appellant; or
>
> (c) A very strong case for relief has been made by the appellant.

*Memorial Hosp. of South Bend, Inc. v. Scott* (1973), 261 Ind. 27, 300 N.E.2d 50, 54 (citations omitted). *See also Wilson v. State* (1977), 172 Ind.App. 476, 360 N.E.2d 1010, 1014 (White, J., concurring).

■ Thompson argues that the evidence was insufficient on the element of identity, and therefore the trial judge erred in denying his motion for a new trial. Thompson was identified by the victim of the crime, Calvin Bankhead, who surprised the burglars when he returned to his house in Gary. The evidence revealed that as Bankhead pulled his car into his detached garage, he noticed a light on in the kitchen of his house. When he came out of the garage, the kitchen light was off. Becoming suspicious, he walked around the side of his house, and could hear people running around inside. He stopped by the screened-in porch, and saw Thompson emerging from the house. He observed Thompson for five or ten seconds, then asked what was going on. Thompson stated that he was getting his coat, then fired two shots in Bankhead's direction and fled. One of the shots hit Bankhead in the shoulder. It was later discovered that the burglars had broken into the house through french doors leading into the house from the porch.

About a week-and-a-half later, Bankhead was driving near 43rd Street and Broadway in Gary when he recognized Thompson with a group of individuals walking down the street. He also noticed that Thompson was wearing a leather jacket which had turned up missing after the burglary. Bankhead quickly notified the police, and Thompson was arrested.

Thompson argues that Bankhead viewed the perpetrator from a distance of over fifteen feet in the relative darkness through the screen of the porch. In addition, he points to the testimony of two defense witnesses who place him at a friend's mother's house around the time of the crime. In light of this evidence, Thompson concludes that the evidence as a whole was "strikingly insufficient" on the element of identity, and the trial court should have exercised its prerogative as the "thirteenth juror" to afford him a new trial.

■ Viewing the above evidence, we cannot conclude that the trial court abused its discretion, that a flagrant injustice was done Thompson, or that Thompson has made a strong case for relief. There was ample evidence with which the jury and the trial court could conclude that Thompson was one of the burglars. While Thompson argues that an opposite inference could be drawn from the evidence, his contention is merely an invitation to reweigh the evi-

dence. We are not permitted to weigh conflicting evidence to reach a conclusion opposite that of the trial court. *Scott, supra.* The trial court did not err in denying Thompson's motion to correct errors.

■ As Thompson also appears to question the sufficiency of the evidence to support his conviction, although he does not specifically set out such an issue, we will also address that issue. In reviewing the sufficiency of the evidence, we do not reweigh the evidence or judge the credibility of the witnesses. We look to the evidence most favorable to the State, along with all reasonable inferences to be drawn therefrom, to see if there is substantial evidence of probative value to support the verdict. *Fleming v. State* (1991), Ind., 579 N.E.2d 73, 74.

■ Class A felony burglary is committed when an individual breaks and enters the building or structure of another person with the intent to commit a felony in it and the crime results in either bodily injury or serious bodily injury to another. Indiana Code 35–43–2–1. Here, as recited above, there was substantial evidence of probative value to support the verdict on each of the material elements of the crime of burglary as a Class A felony, including identity. Therefore, the evidence was sufficient to support Thompson's conviction.

Affirmed.

HOFFMAN and BUCHANAN, JJ., concur.